———o ⊙·o———

## COBURN *v.* MAHASKA COUNTY.

In a case of bastardy under the Code, the county court is authorized to take from the father of the child, such security as may be directed by the court to save the county and every other county in the state from all charges for the maintenance of the child; but in addition to this security, the county court has no authority to require a quarterly payment to the county treasurer; and to correct such unauthorized requirement a writ of *certiorari* may be issued from the district court.

A writ of *certiorari* is authorized where the inferior tribunal has exercised judicial powers not authorized by law, and where there is no other plain, speedy and adequate remedy.

### Appeal from Mahaska District Court.

*Opinion by* HALL, J. This was a petition to the district court of Mahaska county, for a writ of *certiorari* to the

county court, to certify of certain decisions, rulings and judgment rendered in that court on a complaint of bastardy against Coburn.

In the examination of the petition of Coburn to the district court, we find numerous causes set out why a writ of *certiorari* should be granted. We shall only examine the cause with reference to one ground set forth in the petition.

It appears that on the trial before the county court, Coburn was found to be the father of the bastard child, and directed to give security, in the sum of five hundred dollars, conditioned to save the county, and also every other county in the state, from all charges towards the maintenance of the child. And further, that said Coburn, pay to Henry Blackburn, treasurer of said county, or his successor in office by the first day of July following, the sum of ten dollars, and ten dollars quarterly thereafter for the term of five years for the support of said child, unless sooner relieved by order of the county court.

Section 852 of the Code, limits the power of the county court when the accused is proved by the court or jury to be the father of the child, to a mere "judgment that he give security, as directed by the court to the county, conditioned to save the county and also every other county, in the state from all charges toward the maintenance of the child." This is all the county court can do. That part of the judgment that requires the defendant to pay ten dollars quarterly into the county treasury, is illegal and unauthorized by the Code. If the defendant appeals to the district court, and "is found guilty or confesses the accusation in the district court, then he shall be charged with the maintenance of the child in such sum or sums, and in such manner as the district court direct," and shall be required to enter into a bond to the same effect as that required before the county court. § 855, of the Code.

We have nothing to do with these singular provisions of the Code. We have only to give a fair interpretation of

the language, and from this, it is clear, that by appealing from the judgment of the county court, the defendant, if found guilty by the district court, may be charged with the payment of a sum or sums of money for the support and maintenance of the child, which the county court in the exercise of its original jurisdiction had no power to require.

It is obvious that if the defendant appeals this case in order to avoid the unauthorized and illegal part of the judgment of the county court requiring him to pay ten dollars quarterly into the county treasury, for the support of the child, that he only takes the case to a tribunal, where the unauthorized judgment of the county court, will, by the action of the district court, become authorized and legal. He appeals from the "*frying pan to the fire.*" This would not afford an "adequate remedy." An appeal would afford no remedy whatever. The defendant may be willing, and it is his privilege and right to submit to the authorized judgment of the county court, but unwilling to submit to the unauthorized part of its judgment. He has no remedy whatever to avoid this, only by a writ of *certiorari.*

The Code, § 1965; gives this writ, in all cases, "where an inferior tribunal, board or officer exercising judicial function, is alleged to have exceeded their proper jurisdiction or is otherwise acting illegally, when in the judgment of the court applied to for the writ, there is no other plain, speedy and adequate remedy." In this matter the county court was "exercising judicial functions," it "exceeded its proper jurisdiction," it "acted illegally." There "is no other plain, speedy, and adequate remedy," for the defend. ant.

The writ of *certiorari*, should have been allowed by the district court.

The decision of the district court refusing the writ, will therefore be reversed and the cause remanded with direc-

tions to allow the writ as demanded, and to proceed to hear and determine the cause.

Judgment reversed.

*E. W. Eastman* and *Samuel A. Rice*, for appellant.